```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

ERIC J. STIGGLE,               :
        Plaintiff,             :
   v.                          :      CASE NO. 3:13-cv-238(RNC)
LEO ARNONE, et al.,            :
        Defendants.            :
```

## INITIAL REVIEW ORDER

Plaintiff, a sentenced prisoner incarcerated at MacDougall-Walker Correctional Institution, brings this action pro se and in forma pauperis under 42 U.S.C. § 1983 against personnel of the Department of Correction asserting various claims.  The case is before the Court for screening of the plaintiff's amended complaint as required by 28 U.S.C. § 1915A(b).  Named as defendants in the caption of the amended complaint are: Commissioner Leo Arnone, Warden Peter Murphy, Warden Scott Erfe, Captains John Patz and Salius, Correctional Counselors Martucci and Digenerro, Correctional Officers Allan and Perez, Correctional Nurse Miguel Ramirez, and Correctional Counselor Angela Maiorana.  The Court concludes that the allegations of the amended complaint are sufficient to warrant service with regard to claims for interference with legal mail and legal calls.  However, the allegations are insufficient to withstand screening with regard to any other claims, which are therefore dismissed.

The plaintiff has also filed a motion for appointment of

counsel and motions for orders to produce and preserve documents, videotapes, and other evidence.  These motions are denied.

## I. Plaintiff's Allegations

The amended complaint alleges the following.  In September 2010 at MacDougall-Walker, Inmate Ben assisted defendant Maiorana in delivering legal mail and books to other inmates.  Inmate Ben delivered a piece of legal mail to the plaintiff from the Norwich Police Chief that had been opened outside the plaintiff's presence.  In response to the plaintiff's complaint, defendants Maiorana, Patz, Salius, Martucci and Murphy, Inmate Ben was prohibited from delivering legal mail to other inmates.

The plaintiff received opened legal mail on numerous other occasions.  Defendants Maiorana, Patz, Salius, Martucci and Murphy failed to intervene to stop the unauthorized opening of the plaintiff's legal mail.

The plaintiff did not receive motions filed in two state court civil matters.  A judge in one of the cases ordered defendant Murphy to provide mail logs showing the plaintiff's incoming legal mail.

In October 2010, defendant Maiorana refused to leave her office when the plaintiff spoke to his attorneys on the telephone, and she listened to the calls.  The attorneys spoke to the plaintiff in code to prevent Maiorana from understanding the nature of their conversations.  After the plaintiff completed

these telephone calls, Maiorana questioned him about what she had heard and about his criminal case.

At some point, the plaintiff attempted to file a civil complaint in Hartford Superior Court.  Defendants Martucci and Maiorana directed mail room employees at MacDougall-Walker to destroy his legal papers pertaining to this civil action.  Defendant Patz failed to remedy this conduct.

A few months later, the plaintiff assisted Maiorana with a personal matter.  In response, she flirted with him, asked him questions of a sexual nature, exposed her breasts, stomach and underwear to him and verbally teased him about his physical appearance.  The plaintiff complained about this behavior to defendants Martucci, Salius and Murphy.

After Maiorana learned that the plaintiff had filed a lawsuit in state court, she asked another correctional officer in the unit control center to videotape the plaintiff while he was making a legal telephone call inside her office.  The plaintiff attempted to get a copy of the videotape, but was informed it did not exist.  Maiorana told the plaintiff that she would make his life difficult if he caused her any future problems.

In April 2012, plaintiff learned that Maiorana had sent an email to another correctional counselor instructing her not to permit the plaintiff to make legal telephone calls.

On June 19, 2012, when Maiorana learned that the plaintiff

3

had complained about her sexual advances, she directed two other inmates to enter his cell with weapons and threaten him with harm.

In August 2012, defendants Salius and Martucci verbally harassed the plaintiff on two occasions. They threatened to make his life difficult because he had filed lawsuits and made complaints against Maiorana. Defendant Murphy preserved the videotape of the threats and harassment.

On September 27, 2012, prison officials at MacDougall-Walker transferred the plaintiff to Corrigan-Radgowski Correctional Institution ("Corrigan-Radgowski"). On September 29, 2012, the plaintiff saw defendant Miguel Ramirez in the medical department. The plaintiff did not speak to Ramirez but remembered he had named Ramirez in a lawsuit filed in 1995.

Subsequently, a correctional officer informed the plaintiff that prison officials at Corrigan-Radgowski had issued an order prohibiting him from having any contact with Ramirez. Due to the no contact order, correctional officers transferred the plaintiff to a restrictive housing unit. Ramirez directed correctional staff to issue the plaintiff two false disciplinary tickets for making threats and orchestrated the plaintiff's transfer back to MacDougall-Walker.

After the plaintiff returned to MacDougall-Walker, defendants Murphy, Allan, Perez and Digenerro withheld his outgoing legal mail and opened his incoming legal mail outside

his presence.  He spoke to Murphy and wrote to Arnone, but nothing has been done about the interference with his legal mail.

## II. Analysis

### A. Claims of Interference with Legal Mail and Legal Calls

The First Amendment protects a prisoner's right to the free flow of incoming and outgoing mail.  The allegations of the amended complaint depict a regular practice of interference with the plaintiff's mail.  Because the plaintiff's factual allegations must be accepted as true at this time, the amended complaint adequately alleges a claim of a violation of his First Amendment right to send and receive legal mail.  Accordingly, this claim will be allowed to proceed against defendants Arnone, Murphy, Patz, Salius, Martucci, Digenerro, Allan, and Perez, and Maiorana.

Restrictions on legal calls may violate a prisoner's rights under the First Amendment when he has no other means to communicate with legal counsel.  See Peterson v. Arpaio, CV04-2276 PHXSMMLOA, 2006 WL 3736060 (D. Ariz. Nov. 21, 2006).  Here, the plaintiff alleges interference with legal calls at the same time he was subjected to interference with his legal correspondence.  Crediting the allegations, as the Court must at this stage, the plaintiff will be allowed to proceed on a claim for interference with legal calls against defendant Maiorana.

### B. Claims Against Defendants in Official Capacities

To the extent the plaintiff seeks damages against the

5

defendants in their official capacities, the claims are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159 (1985); Quern v. Jordan, 440 U.S. 332, 342 (1979). All such claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

**C. Claims of Verbal Harassment**

The plaintiff complains of verbal harassment and threatening remarks by defendants Salius, Martucci, and Maiorana and defendant Murphy's failure to curb these verbal remarks. Verbal harassment and threats do not rise to the level of a constitutional violation. See Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986); Cotz v. Mastroeni, 476 F. Supp. 2d 332, 372 (S.D.N.Y. 2007). Accordingly, the claims of verbal harassment and threats against defendants Salius, Martucci, Maiorana and Murphy are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**D. Claims of Sexual Harassment**

The plaintiff complains of sexual harassment by defendant Maiorana and the failure of defendants Salius, Martucci and Murphy to intervene to protect him against such harassment. "[S]exual abuse of a prisoner by a corrections officer may in some circumstances violate the prisoner's right to be free from cruel and unusual punishment." Boddie v. Schnieder, 105 F.3d 857, 860-61 (2d Cir. 1997). The Second Circuit in Boddie affirmed dismissal of the plaintiff's claim for sexual harassment because the "small number of incidents in which [the plaintiff] was verbally harassed, touched, and pressed against without his

6

consent" were not sufficient to constitute a violation of the Eighth Amendment.  Id.

Here, defendant Maiorana allegedly was flirtatious with the plaintiff and danced to music playing on her computer, made sexually suggestive comments, put on lipstick in the plaintiff's presence, showed him her breasts, stomach and the top of her underwear and teased him about his physical appearance.  These instances of alleged sexual harassment do not support a constitutional claim because they are not "objectively, sufficiently serious."  Boddie, 105 F.3d at 861 (although "isolated episodes of harassment and touching alleged by [plaintiff] are despicable and, if true . . . may potentially be the basis of state tort actions. . . . they do not involve a harm of federal constitutional proportions").  Thus, the claims of sexual harassment against defendants Maiorana, Murphy, Salius, and Martucci are dismissed.  See 28 U.S.C. § 1915A(b)(1).

**E. Claims of Retaliation**

To state a claim for retaliation in violation of the First Amendment, the plaintiff must allege: (1) that the speech or conduct at issue was protected; (2) that the defendant took adverse action against the plaintiff, defined as "conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights"; and (3) that there was a causal connection between the protected activity and the adverse action.  See Gill v. Pidlypchak, 389 F.3d 379, 380

(2d Cir. 2004); Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003)).  Here, plaintiff fails to allege a plausible connection between his lawsuit filed in 1995 and the alleged retaliatory actions by defendant Ramirez twelve years later.  See Dorsey v. Fisher, 468 F. App'x. 25, 27 (2d Cir. 2012).  Thus, the retaliation claim against Ramirez is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  Moreover, because the plaintiff's only claim against defendant Scott Erfe, Warden of Corrigan-Radgowski, arises out of the same alleged incident of retaliation, the claim against him is also dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**F. Claim of Denial of Access to Courts**

The plaintiff alleges that interference with his legal mail and legal calls denied him access to the courts.  "Prisoners have a constitutional right of access to the courts."  Bounds v. Smith, 430 U.S. 817, 821 (1977).  To adequately allege a claim for deprivation of this right, a plaintiff must allege that the defendant acted deliberately and maliciously and that the plaintiff suffered actual injury as a result.  See Akande v. Warden, Corrigan Correctional Inst., No. 3:08-CV-882 (AWT), 2009 WL 3838836, at *2 (D. Conn. Nov. 16, 2009)(citing Lewis v. Casey, 518 U.S. 343, 353 (1996)); Cancel v. Goord, No. 00 Civ.2042, 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001) (same).  The plaintiff must demonstrate that a "nonfrivolous legal claim has been frustrated or was being impeded."  Lewis, 518 U.S. at 353.  Here,

the plaintiff does not allege that interference with his legal mail and calls impeded a nonfrivolous claim. Moreover, public records show that the plaintiff has filed thirty-nine cases in the Connecticut Superior Court and seven cases in this Court. Accordingly, his claim for denial of access to court will be dismissed.

### III. Motion for Appointment of Counsel [Doc. No. 12]

The plaintiff asks the court to appoint pro bono counsel to represent him pursuant to 28 U.S.C. § 1915. Before an appointment of counsel can be considered, the indigent person must demonstrate that his claims are likely to have merit and that he is unable to obtain counsel on his own. Neither showing has been made. Accordingly, the motion for appointment of counsel is denied without prejudice to renewal.

### IV. Motion for Ex Parte Order [Doc. No. 13]

The plaintiff has moved for an ex parte order to preserve documents. Specifically, he asks for an order requiring the defendants to preserve the C-2 Log Book entry of Officer Vargas for June 19, 2011. The amended complaint includes no mention of an incident occurring on that date. The court construes the plaintiff's request as pertaining to the incident that occurred on June 19, 2012, in the C-2 Housing Unit at MacDougall-Walker near the plaintiff's cell. See Am. Compl. ¶ 41. There is no indication that this incident relates to the claims for interference with legal mail and calls. Accordingly, this

request is denied.

The plaintiff also seeks an order directing the defendants to preserve all emails from the work computers of defendants Salius, Martucci and Maiorana. The plaintiff claims that the defendants have started to destroy evidence and incident reports and log books have been altered or are missing. There is no indication that these emails relate to the claims for interference with legal mail and calls. Moreover, plaintiff concedes that he has received a letter from the Department of Correction indicating that all emails from work computers within the Department are backed up indefinitely. The motion for an order preserving the work emails is therefore denied.

**V.   Motion for Ex Parte Order [Doc. No. 20]**

The plaintiff seeks an ex parte order that the defendants provide him with all video preserved on August 13, 2012 through August 17, 2012, all legal mail logs and incident reports concerning the plaintiff issued from October 16, 2010 to August 1, 2013, and a general order that prohibits the defendants from destroying any evidence. There is no indication that the plaintiff has made any attempts to serve a request for production seeking these documents and tapes. With respect to the request for a general order, the plaintiff provides no information identifying the evidence he seeks to preserve. Nor does he indicate how this unidentified evidence is relevant to the claims in the amended complaint. Accordingly, the motion for ex parte

10

order is denied.

**ORDERS**

The Court enters the following orders:

(1) The claims in the amended complaint for money damages against the defendants in their official capacities are **dismissed** pursuant to 28 U.S.C. § 1915A(b)(2).  All other claims against defendant Erfe, the claims for verbal harassment against defendants Murphy, Salius, Martucci and Maiorana, the claims of sexual harassment against defendants Murphy, Salius, Martucci and Maiorana, the claims of retaliation against defendant Ramirez, and the claims of denial of access to courts are **dismissed** pursuant to 28 U.S.C. § 1915A(b)(1).  The claims of interference with legal calls and legal mail will proceed against defendants Arnone, Murphy, Patz, Salius, Martucci, Digenerro, Allan, Perez and Maiorana in their individual capacities and in their official capacities to the extent that the plaintiff seeks injunctive and declaratory relief.  **No other claims will be allowed except pursuant to an order granting a properly filed motion for leave to file a second amended complaint.  No such motion will be accepted by the Clerk unless the defendants have appeared in the case and the plaintiff certifies that the motion has been served on them.**

The Motion for Appointment of Counsel [**Doc. No. 12**] is **DENIED** without prejudice.  The Motion for Ex Parte Order [**Doc.**

**No. 13**] is **DENIED** and the Motion for Ex Parte Order [**Doc. No. 20**] is **DENIED**.

(2)  Within fourteen (14) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the amended complaint [Doc. No. 14] and this Order on defendants Arnone, Murphy, Patz, Salius, Martucci, Digenerro, Allan, Perez and Maiorana in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)  Within fourteen (14) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for defendants Arnone, Murphy, Patz, Salius, Martucci, Digenerro, Allan, Perez, and Maiorana, and will mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)  The Clerk shall send a courtesy copy of the Amended Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5) Defendants shall file their response to the Amended Complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) **If the plaintiff's address changes** at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he **MUST notify the court**.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address **even if he is incarcerated**.  The plaintiff should write **"PLEASE NOTE MY NEW ADDRESS"** on the notice.  It is not enough to just put the new address on a letter without indicating

13

that it is a new address.  If the plaintiff has more than one pending case, indicate the case numbers in the notification of change of address.  The plaintiff should also notify the defendants or the attorney for the defendants, if appropriate, of his or her new address.

SO ORDERED at Hartford, Connecticut this 8th day of November, 2013.

/s/RNC
Robert N. Chatigny
United States District Judge
