# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ERIC J. STIGGLE, SR.,
     Plaintiff,

    v.

LEO ARNONE, PETER MURPHY, JOHN PATZ, SALIUS, MARTUCCI, DIGENERRO, ALLAN, PEREZ, ANGELA MAIORANA,
     Defendants.

No. 3:13-cv-00238 (JAM)

## RULING ON PENDING MOTIONS

Plaintiff Eric J. Stiggle, Sr., a state prisoner currently incarcerated at MacDougall-Walker Correctional Institution, has commenced this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that defendants – a cast of prison officials – have regularly interfered with the free flow of his incoming and outgoing legal mail and have also interfered with his legal calls, all in violation of the First Amendment.[1] In recent months, plaintiff has filed numerous motions, and defendants have filed one motion as well. For the reasons set forth below, I grant plaintiff's motion for an extension of time to complete discovery and defendants' motion for an extension of time to respond to a discovery request, and deny all other pending motions.

## I.  Plaintiff's Motions for Preliminary Injunction [Docs. # 19, 22, 60]

On three occasions, plaintiff has requested an order from this Court prohibiting defendants from opening his legal mail outside of his presence and reading his outgoing legal

---

[1] In its initial review order pursuant to 28 U.S.C. § 1915A(b), the Court (*Robert N. Chatigny, J.*) dismissed various other claims asserted in plaintiff's Amended Complaint, allowing only the claims of interference with legal mail and legal calls to proceed. *See* Doc. # 23.

mail.[2] In these requests, plaintiff claims that the named defendants in this case have repeatedly intercepted his mail and that he has informed prison officials of this ongoing issue, but no action has been taken to remedy the problem. *See* Docs. # 19, 22, 60. Consistent with prior orders of this Court, *see* Docs. # 24 & 41, I construe these requests as motions for a preliminary injunction.

The requirements for the issuance of a preliminary injunction are well established. To obtain a preliminary injunction, a plaintiff must establish "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief."[3] *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 215 (2d Cir. 2012) (quoting *UBS Fin. Servs., Inc. v. W. Va. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011)). The Second Circuit has cautioned that preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consolidated Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (Sotomayor, J.) (citation and internal quotation marks omitted).

It is also clear that a preliminary injunction motion is properly denied if the claim for

---

[2] Plaintiff also sought an order prohibiting defendant Angela Maiorana from all contact with plaintiff, and prohibiting all defendants from making threats, causing physical harm, or retaliating against plaintiff. *See* Doc. # 19, ¶¶ 3-5. The Court (*Robert N. Chatigny, J.*) previously denied these requests on the ground that "there is no indication that the desired relief relates to claims that survive the Court's initial review of plaintiff's complaint." Doc. # 24.

[3] A federal court ordinarily holds a hearing on a motion for preliminary injunction, but hearings are not required in all cases. *See Drywall Tapers & Pointers of Greater New York, Local 1974 of I.B.P.A.T., AFL-CIO v. Local 530 of Operative Plasterers & Cement Masons Int'l Ass'n*, 954 F.2d 69, 76-77 (2d Cir. 1992). I have chosen not to hold a hearing on these preliminary injunction motions because, after reviewing the motions, memoranda, affidavits, and various other materials, I believe that testimony and argument would not be materially helpful to my understanding of the factual record or relevant legal principles. *See* James W. Moore, et al., *Moore's Federal Practice* ¶ 65.04[3] (2d ed. 1995) (where "record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony").

injunctive relief is moot – that is, if an actual case or controversy no longer exists. *See, e.g.*, *Bank of New York Co., Inc. v. Northeast Bancorp, Inc.*, 9 F.3d 1065, 1067 (2d Cir. 1993). For example, in *Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976), the Second Circuit held that a prisoner's request for an injunction restraining officials at a particular prison from violating his civil rights was moot because the prisoner was no longer incarcerated at the same prison facility. *See also Davidson v. Kelly*, 100 F.3d 945 (2d Cir. 1996) (unpublished disposition) (preliminary injunction motion properly denied as moot when prisoner who had sought change of conditions at his prison facility was transferred to a different facility).

Applying these mootness principles to the present case, I conclude that plaintiff's claims for a preliminary injunction are mostly moot. Plaintiff's claim in both his amended complaint and in his motions for preliminary injunctive relief is that the specific individuals who are named as defendants are interfering with his mail in violation of both the First Amendment and Department of Correction Administrative Directives, and he seeks a court order prohibiting them from doing so.[4] But the uncontested affidavit of Carol Chapdelaine, warden of the MacDougall-Walker Correctional Institution, establishes that all named defendants except Digenerro are no longer employed with the Department of Correction, do not currently work at MacDougall-Walker, or are not responsible for mail processing and delivery. *See* Doc. # 56-2, ¶ 22. In other words, these individuals are not in any position to interfere with plaintiff's mail. Accordingly, plaintiff's motions for a preliminary injunction are denied as moot as to all defendants except Digenerro.

As to the request for preliminary injunctive relief against defendant Digenerro, I conclude

---

[4] In addition to his request that the named defendants refrain from interfering with his mail, plaintiff's first motion also seeks an order preventing his "unit counselors" from reading his outgoing legal mail under certain circumstances. *See* Doc. # 19 at 1. That request is denied to the extent that it is directed at prison officials who are not named as defendants in this action.

that this request must also be denied because, even assuming that plaintiff has satisfied the irreparable harm requirement, he cannot demonstrate a likelihood of success on the merits. Beginning with the irreparable harm inquiry, a plaintiff alleging the violation of a constitutional right ordinarily satisfies the irreparable harm requirement automatically because a "presumption of irreparable injury . . . flows from a[n alleged] violation of constitutional rights." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996); *see also Statharos v. New York City Taxi and Limousine Comm'n*, 198 F.3d 317, 322 (2d Cir. 1999) ("Because plaintiffs allege deprivation of a constitutional right, no separate showing of irreparable harm is necessary.") (citation omitted). But notwithstanding this general presumption, the Second Circuit has found that for some cases alleging "loss of First Amendment freedoms," irreparable harm should not presumed and must actually be demonstrated "at least in circumstances in which a plaintiff does not allege injury from a rule or regulation that directly limits speech." *Doninger v. Niehoff*, 527 F.3d 41, 47 (2d Cir. 2008) (citing *Bronx Household of Faith v. Bd. of Educ.*, 331 F.3d 342, 349-50 (2d Cir. 2003)). For purposes of the pending preliminary injunction motions, I assume that plaintiff has adequately demonstrated irreparable harm because interference with plaintiff's legal mail could well chill plaintiff's access to the courts or impede his ability to consult with counsel. But I need not resolve this issue because, even assuming that irreparable harm has been demonstrated, plaintiff has not shown any likelihood of success on the merits.

It is well established that "a prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment." *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (citation omitted). Nonetheless, the Second Circuit has found that an isolated incident of mail tampering does not ordinarily violate the First Amendment. *Id.* To establish a viable claim for mail tampering in violation of the First Amendment, an inmate must establish "that prison

officials regularly and unjustifiably interfered" with his or her legal mail. *Id.* (citations and internal quotation marks omitted). In *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986), the Second Circuit concluded that "as few as two incidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) if the tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received." *Davis*, 320 F.3d at 351 (discussing the *Washington* decision). "Following *Washington*, district courts have generally required specific allegations of invidious intent or of actual harm where the incidents of tampering are few and thus the implication of an actionable violation is not obvious on its face." *Id.* (citing cases).

Applying these principles to this case, it is clear that plaintiff has not demonstrated a likelihood of success on the merits of his claim against defendant Digenerro to warrant the granting of preliminary injunctive relief. To begin with, plaintiff's complaint contains only general and conclusory allegations regarding Digenerro's interference with his legal mail. *See* Doc. # 14 (Amended Complaint), ¶ 53 (alleging that "[d]efendant[] . . . Digenerro [is] still withhold[ing] the plaintiff's outgoing legal mail and incoming legal mail is being opened outside the plaintiff's presence"). Moreover, plaintiff has not introduced any evidence regarding even one specific incident where Digenerro interfered with his legal mail. Additionally, plaintiff has introduced no evidence of invidious intent or actual harm.

Defendants do concede that they have identified six incidents where there were problems or irregularities with the delivery of plaintiff's legal mail. *See* Doc. # 62-1 at 18-20. None of these incidents, however, involved defendant Digenerro, and only one of the incidents involved any of the defendants in this case. Three of the incidents appear to be the result of mistakes on

the part of the sender of the legal mail, and do not seem to be the consequence of any potentially improper actions by Department of Correction officials. Furthermore, these numbers must be adjudged against the large volume of legal mail that plaintiff receives: over a seven month period from September 2013 through April 2014, plaintiff received at least 265 pieces of privileged legal mail and sent at least 47 pieces of privileged legal mail that required additional postage. *See* Doc. # 62-2 (Affidavit of Warden Chapdelaine), ¶ 17.

In view of the complete lack of evidence regarding any mail tampering by defendant Digenerro, I cannot conclude that plaintiff has demonstrated a likelihood of succeeding on the merits of his claim against this defendant. Accordingly, plaintiff's motions for preliminary injunctive relief are denied.

## II.     Plaintiff's Motion for Default and Default Judgment [Docs. # 57, 75]

Plaintiff moves to default defendants for failure to plead, and also moves for the entry of a default judgment. On April 23, 2014, the Court granted defendants an extension of time until May 20, 2014 to file a response to plaintiff's complaint. Defendants filed a motion to dismiss that is dated May 20, 2014, but the motion was not received by the Court and docketed until May 23, 2014.

I do not condone defendants' untimeliness, especially in view of defendants' prior filing of an untimely extension motion. *See* Docs. # 52, 55. The late filing of any document – even by just a few days – is unacceptable. Nonetheless, "[i]t is well established that default judgments are disfavored." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). The Second Circuit has indicated "[a] clear preference . . . for cases to be adjudicated on the merits," *id.* (citations omitted), and cases should be decided on the basis of default "only in extreme situations." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (citations and internal quotation marks

omitted).

This case does not present an extreme situation warranting entry of a default judgment. Defendants' motion was filed only a few days after the deadline, and plaintiff has not alleged how this untimely filing has prejudiced him. In the untimely motion to dismiss, defendants assert that they have meritorious defenses to this action: they argue that plaintiff has not alleged that defendants were personally involved in any deprivation of constitutional rights and they claim that they are entitled to qualified immunity. In view of the Second Circuit's preference that cases be decided on the merits, the case should be allowed to proceed so that the Court may consider the arguments set forth in defendants' motion.

Plaintiff's motion for default entry is denied.  And because the Court has not defaulted defendants for failure to plead, plaintiff's motion for default judgment is also denied.

## III.    Plaintiff's Motion for Order re Interview of Inmate and Witnesses [Doc. # 58]

Plaintiff seeks a court order directing defendants to permit him to interview unidentified "witnesses" and to meet with inmate Robert Thompson regarding a case that inmate Thompson filed in this court, *Thompson v. Murphy et al*, No. 3:13-cv-01357 (JAM). He also asks the Clerk to send him a copy of the complaint filed in the *Thompson* case. Plaintiff claims to file this motion pursuant to Fed. R. Civ. P. 56(f), but Rule 56 governs motions for summary judgment, and no motion for summary judgment has been filed in this case. Defendants object to plaintiff's motion, primarily on the ground that the safety and security of the facility and other inmates could be jeopardized by allowing plaintiff to meet with, interview, or write to other inmates.

Plaintiff has failed to provide the names of any of the "witnesses" he seeks to interview, nor does he explain how their testimony might be relevant to his claims. Plaintiff claims that he needs to speak to inmate Thompson about inmate Thompson's federal case, but plaintiff does not

explain how a discussion regarding inmate Thompson's case will advance discovery in his own case. I deny plaintiff's requests to interview unknown witnesses and to meet with inmate Thompson at this time on the ground that plaintiff has failed to demonstrate that such activities are reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

In this motion, plaintiff also asks the Court to order the Clerk of Court to provide him with a copy of the complaint or the amended complaint filed in the *Thompson* case. To obtain these documents, plaintiff may send a written request to the Clerk identifying the case docket number and the documents to be copied, and accompanied by a check or money order in the amount of the cost of copying the documents. The per-page cost of copying court documents is 50 cents. The complaint in the *Thompson* case is four pages in length ($2.00) and the amended complaint is thirteen pages in length ($6.50). Plaintiff has not shown that he is unable to afford the cost of copying these documents.

## IV.     Plaintiff's First Motion to Compel [Doc. # 59]

Plaintiff seeks to compel defendants to respond to his first set of interrogatories addressed to defendants Maiorana, Arnone, Murphy and Martucci and request for production of documents addressed to all defendants. On March 19, 2014, the Court granted defendants an extension of time until April 7, 2014 to respond to these interrogatories and request for production of documents. *See* Doc. # 48. Plaintiff claims that defendants have not responded to his discovery requests. Defendants object to plaintiff's motion, arguing that they have provided responses to plaintiff's interrogatories and have also provided plaintiff with over 750 pages of documents in response to his request for production. Defendants also contend that plaintiff's motion should be denied because plaintiff has not complied with Fed. R. Civ. P. 37.

A party may seek the assistance of the Court to resolve a discovery dispute only after he has complied with the provisions of Rule 37(a) of the Local Rules of Civil Procedure for the District of Connecticut. Under this rule, a motion to compel must include an affidavit certifying that the party has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the Court. Additionally, Local Rule 37(b)1 requires that any discovery motion filed with the Court be accompanied by a detailed memorandum of law containing the specific items of discovery sought or opposed with reasons why the items should be allowed or disallowed.

Plaintiff has failed to satisfy these requirements. He has not filed an affidavit indicating that he attempted to communicate with counsel for defendants in a good faith effort to resolve this discovery dispute without the Court's assistance. Nor has he shown in light of defendants' representations that he has not received the requested discovery. Additionally, plaintiff has failed to file a memorandum in support of his motion to compel and has not set forth the reasons why each of the requested items of discovery should be allowed.  Because plaintiff did not comply with the provisions of Local Rule 37(a) and (b)1 and because he has yet to show that his motion is warranted, plaintiff's motion to compel is denied.

## V.     Plaintiff's Second Motion to Compel [Doc. # 74]

Plaintiff again seeks to compel defendants to respond to his first set of interrogatories addressed to defendants Maiorana, Arnone, Murphy and Martucci and request for production of documents addressed to all defendants. Plaintiff also seeks an order requiring defendants to pay him $250 as reasonable expenses in obtaining the order. Plaintiff alleges that he has received responses to the interrogatories from defendants Murphy, Arnone and Martucci and has also received documents in response to his first request for production of documents, but he claims

that defendant Maiorana did not file responses to the interrogatories. He also claims that other defendants did not fully respond, were evasive, or were untruthful in their answers to interrogatories. Plaintiff sent a letter to counsel for defendants on May 5, 2014, to try to resolve these issues, but did not receive a response to his letter.

Plaintiff has not filed a memorandum in support of his motion, again in violation of Local Rule 37(b)1. Additionally, while he submits copies of the interrogatories and requests for production that he served on defendants, plaintiff has not submitted defendants' responses to the discovery requests, making it impossible for me to determine whether defendants have adequately responded to plaintiff's requests. Furthermore, plaintiff's letter is not a good faith effort to resolve the discovery dispute as he permitted defendants only a week to respond and stated that he would "never entertain speaking with [counsel]" if counsel did not respond within a week. For all of these reasons, plaintiff's second motion to compel is denied.

## VI.   Plaintiff's Motion for Order re List of Inmates [Doc. # 61]

Plaintiff seeks an order directing defendants to provide him with a list of inmates who resided in certain cells within a particular housing unit at MacDougall-Walker from July 1, 2013, to November 30, 2014. Plaintiff claims that the inmates in this unit have had similar issues with defendants and that he needs their names to "secure evidence." Plaintiff claims that this motion is filed pursuant to Fed. R. Civ. P. 56(f).

I conclude that this motion must be denied for two reasons. First, Rule 56(f) does not provide any basis for the disclosure of information by one party to another. The rule solely concerns procedures related to summary judgment motions. Second, to the extent that this motion should be construed as a discovery request or a motion to compel, plaintiff does not indicate that he ever served this request on defendants or that he attempted to resolve any

discovery dispute in good faith with defendants' counsel before bringing this issue to the Court.

Discovery requests are not filed in the first instance with the Court, and the Court addresses

discovery issues only when the parties cannot resolve their disputes. In the absence of any

indication that plaintiff served this discovery request on defendants or attempted to resolve any

discovery dispute before seeking the Court's assistance, the motion must be denied as premature.

### VII.    Plaintiff's Motion for Copy of Docket Sheet [Doc. # 76]

Plaintiff seeks a copy of the docket sheet to determine if he was prejudiced and "all

federal rules of civil procedure were applied." Plaintiff indicates that he has spoken to the Clerk

regarding the filing of motions. At this time, plaintiff has not set forth a sufficient basis to send

him a copy of the Court's docket sheet. If he has a question regarding a motion that has been

filed or ruling that has been docketed, plaintiff may contact the Clerk of Court and request copies

of documents as set forth above.

### VIII.   Plaintiff's First Motion for Sanctions and Related Motions [Docs. # 71, 83, 84]

On April 28, 2014, counsel for defendants filed memoranda in opposition to plaintiff's

motions for injunctive relief relating to the processing of plaintiff's legal mail. On May 29, 2014,

plaintiff filed a motion for sanctions claiming that counsel neglected to mail him copies of the

objections. On June 9, 2014, defendants' counsel filed a response to the motion for sanctions.

Counsel represented to the Court that he had in fact sent a copy of his objections to plaintiff in

accordance with Fed. R. Civ. P. 5(b). Counsel also indicated that, upon receipt of plaintiff's

sanctions motion, he sent plaintiff a second copy of the objections as a courtesy. Doubting

defense counsel's representations, plaintiff filed a motion seeking a court order directing

defendants to supply him with copies of the incoming legal mail logs from March 1, 2014 to

June 15, 2014.  He claims that these mail logs will confirm that counsel for defendants did not in

fact send him copies of the objections to the motions for injunctive relief.

Defendants' counsel claims that he has sent copies of the objections to plaintiff on two separate occasions, and I decline to conclude that counsel has been untruthful. Therefore, I deny the motion for sanctions [Doc. #71]. I also deny plaintiff's motion for disclosure of prison mail logs [Doc. #83] that plaintiff claims will prove that defendants' counsel did not send him copies of defendants' objections; such mail logs would prove, at best, that the objections were not received at the prison, not that defendants' counsel failed to mail them in the first place. Plaintiff's motion for an extension of time to reply to defendants' response to his motion for sanctions [Doc. #84] is otherwise denied as moot in light of my denial of the motion for sanctions.

In light of plaintiff's continuing claim that he has not received copies of defendants' objections to his motions for injunctive relief, the Court requests that counsel for defendants once again mail to plaintiff copies of Doc. # 56 ("Objection to Plaintiff's Application for Preliminary Injunction") and Doc. # 62 ("Objection to Plaintiff's Application for Preliminary Injunction").

## IX.    Plaintiff's Second Motion for Sanctions [Doc. # 86]

Plaintiff's second motion for sanctions includes three grounds for relief.  First, plaintiff complains that defendants have generally been evasive and misleading in their responses to his discovery requests. In addition, plaintiff claims that some defendants have failed to respond to his second set of interrogatories and request for production in a timely manner while others have failed to respond at all. To the extent that plaintiff's motion seeks to compel defendants to respond or to more fully respond to any of his discovery requests, the motion is denied for failure to comply with Local Rule 37 without prejudice to re-filing after complying with this rule.

Second, plaintiff reiterates his complaint that counsel for defendants has failed to provide him with copies of his objections to the motions for injunctive relief. Because the Court has addressed this claim in the prior section of this ruling, the second motion for sanctions is denied on this ground.

Third, plaintiff asserts that defendants have taken retaliatory action against him for filing this action. More specifically, he contends that counsel for defendants is using a restrictive housing unit as a tool to force him to drop this case and that counsel is withholding information from the Court regarding certain events that occurred on April 4, 2014. But these allegations are conclusory and are unsupported by specific facts. Plaintiff has not sufficiently explained his allegations regarding the events that allegedly occurred on April 4, 2014, or how counsel is "using a restrictive housing unit as a tool" to get him to withdraw his lawsuit. Moreover, defendants' counsel has represented to the Court that, although plaintiff's housing assignment has recently changed, plaintiff is not housed in a restrictive unit. *See* Doc. # 90 at 2. As such, I conclude that plaintiff has failed to set forth a basis to invoke sanctions against defendants, absent plaintiff's showing of additional facts supporting his contention that he has been housed in a restrictive unit and absent evidence that any restrictive housing to which plaintiff has been subject has been for reasons of his filing this lawsuit and apart from other legitimate reasons related to prison administration. For all these reasons, the second motion for sanctions is denied.

**X.     Plaintiff's Motions for a Court Hearing and to Submit Evidence [Docs. # 85, 91]**

Plaintiff requests that the Court conduct a hearing to resolve various issues that he has already brought to the Court's attention in the other motions discussed above. Specifically, he claims that a court hearing is necessary to address disputes regarding: (1) retaliatory action defendants have taken against him by allegedly placing him in a restrictive housing unit; (2)

defendants' alleged failure to send him copies of defendants' objections to his motions for preliminary injunctive relief; (3) defendants' withholding of information from the court; (4) defendants' evasive, misleading, or untruthful discovery responses; and (5) defendants' alleged failure to adequately respond to his second set of interrogatories and requests for production. Plaintiff also moves for leave to submit evidence at this hearing.

The Court has thoroughly addressed all of these issues in previous sections of this ruling and does not believe that a court hearing regarding any of these matters is necessary. Accordingly, plaintiff's motions for a court hearing [Doc. # 85] and for leave to submit evidence at a court hearing [Doc. # 91] are denied.

**XI.      Plaintiff's Motion for Extension of Time to Complete Discovery [Doc. # 77]**

Plaintiff seeks a sixty-day extension of the deadline for completing discovery. The motion is granted *nunc pro tunc* absent objection. Accordingly, the discovery deadline in this case was August 8, 2014. Any motions for summary judgment shall be filed within 30 days of the Court's disposition of defendants' pending motion to dismiss.

**XII.     Plaintiff's Motion to Quash Motion to Dismiss [Doc. # 78]**

Plaintiff seeks to "quash" defendants' motion to dismiss on the grounds that (1) the motion is defective because his Amended Complaint states a claim upon which relief may be granted, and (2) that he is unable to research the motion or respond to it. The Federal Rules of Civil Procedure provide no basis for a party to move to quash a motion to dismiss.  Thus, the motion is denied.

The Court will permit plaintiff 30 days to file a response to the motion to dismiss. Accordingly, any response to the motion to dismiss must be filed no later than **September 26, 2014.** If plaintiff does not timely file a response to the motion to dismiss, the Court will consider

it unopposed.

**XIII.  Defendants' Motion for Extension of Time [Doc. # 64]**

Defendants seek an extension of time until June 13, 2014, to file their responses to the plaintiff's second set of interrogatories and a request for production of documents. Counsel indicates that he received these discovery requests on or about April 15, 2014. The motion is granted *nunc pro tunc*.

**Conclusion**

For reasons and to the extent set forth above, the following motions are **DENIED**:

- Plaintiff's Motions for Preliminary Injunction [Docs. # 19, 22, 60]
- Plaintiff's Motion for Default and Default Judgment [Docs. # 57, 75]
- Plaintiff's Motion for Order re Interview of Inmate and Witnesses [Doc. #58]
- Plaintiff's First Motion to Compel [Doc. # 59]
- Plaintiff's Second Motion to Compel [Doc. # 74]
- Plaintiff's Motion for Order re List of Inmates [Doc. # 61]
- Plaintiff's Motion for Copy of Docket Sheet [Doc. # 76]
- Plaintiff's First Motion for Sanctions and Related Motions [Docs. # 71, 83, 84]
- Plaintiff's Second Motion for Sanctions [Doc. # 86]
- Plaintiff's Motions for a Court Hearing and to Submit Evidence [Docs. # 85, 91]
- Plaintiff's Motion to Quash Motion to Dismiss [Doc. # 78]

For the reasons and to the extent set forth above, the following motions are **GRANTED**:

- Plaintiff's Motion for Extension of Time to complete discovery [Doc. # 77]
- Defendants' Motion for Extension of Time for responses to discovery [Doc. # 64]

The discovery deadline in this case was August 8, 2014.  Any motions for summary judgment shall be filed within 30 days of the Court's disposition of defendants' motion to dismiss. Plaintiff must file any response to defendants' motion to dismiss no later than **September 26, 2014**.

It is so ordered.

Dated at Bridgeport this 26th day of August 2014.

/s/
Jeffrey Alker Meyer
United States District Judge